STEPHANIE S. CHRISTENSEN
Acting United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
GAVIN L. GREENE (Cal. Bar No. 230807)
ANGELA N. GILL (Cal. Bar No. 260928)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-4600
    Facsimile: (213) 894-0115
    E-mail: Gavin.Greene@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>    Petitioner,<br><br>  v.<br><br>Adam Ohnstad, CPA,<br><br>    Respondent. | Case No. 2-22-cv-04747<br><br>Petition to Enforce Internal Revenue Service Summons; Memorandum of Points and Authorities; and Declarations in Support thereof<br><br>Exhibits redacted to exclude Personal Identifiers pursuant to Fed. R. Civ. Proc. 5.2 and Local Rule 5.2-1 |

1

# PETITION

The United States of America ("Petitioner") states:

1. This proceeding to judicially enforce an Internal Revenue Service administrative summons is brought pursuant to the Internal Revenue Code, 26 U.S.C. §§ 7402(b) and 7604(a). The IRS has properly served Adam Ohnstad, CPA ("Respondent" or "Ohnstad") with a summons, and Respondent has failed to produce the requested documents and to appear and give testimony.

2. Respondent resides or conducts business or both in the federal judicial district of the Central District of California.

3. The Convention between the Government of the United States of America and the Government of the French Republic for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and Capital, as amended by protocols signed on December 8, 2004 and January 13, 2009 (the "DTC") provides for mutual assistance in tax administration between the United States and France.

4. By letter dated July 21, 2020, the United States received a request for exchange of information ("EOI request") from the competent authority for France regarding Sasu Motorcorp ("Sasu" or "the taxpayer") for the period from January 1, 2017 through December 31, 2018.

5. Pursuant to the EOI request, and in accordance with 26 U.S.C. § 7602, the IRS issued a summons to Respondent on February 22, 2022 to give testimony and provide books, papers, records, and other data sought in the EOI request. A copy of the summons is attached as **Exhibit 1** to the Declaration of Sherwin Morales.

6. In connection with this investigation, the summons was served in accordance with law on Respondent in the manner described in the

Certificate of Service. A true and correct copy of the Certificate of Service is attached as **Exhibit 2** to the attached Declaration of Hung Pham.

7. Notice of third-party contact was provided as required by 26 U.S.C. § 7609. A true and correct copy of the notice is attached as **Exhibit 3** to the Declaration of Sherwin Morales.

8. Respondent has failed to provide testimony or produce the required books, records, papers, and other data in response to the summons, and such failure has continued to the date of this petition.

9. The IRS is not in possession or control of the books, records, papers, and other data sought by the summons.

10. All administrative steps required by the Internal Revenue Code in connection with the issuance and service of the summons have been taken.

11. The testimony and the books, records, papers, and other data sought by the summons are necessary in order to properly pursue and complete the investigation.

12. No recommendation for criminal prosecution of the taxpayer has been made by the IRS to the United States Department of Justice. In addition, no Department of Justice referral, as described in 26 U.S.C. § 7602(d), is in effect with respect to the taxpayer.

WHEREFORE, Petitioner requests the Court to enforce the IRS administrative summons as follows:

A. Respondent be ordered to appear and show cause before this Court why Respondent should not be compelled to give testimony and to produce the books, records, papers, and other data as specified in the summons;

B. That Respondent be ordered by this Court to appear before an authorized representative of the IRS at a time and place to be determined by

1  the IRS and to give testimony and to produce the books, records, papers, and
2  other data as specified in the summons; and
3       C.    That the Court grant the Petitioner its costs in this proceeding
4  and such other and further relief as may be just and proper.

                                            Respectfully submitted,

                                            TRACY L. WILKISON
                                            United States Attorney
                                            THOMAS D. COKER
                                            Assistant United States Attorney
                                            Chief, Tax Division

Dated: July 12, 2022               /s/
                                            GAVIN GREENE / ANGELA GILL
                                            Assistant United States Attorneys
                                            Attorneys for the United States of America

# Memorandum of Points and Authorities

## A. IRS authority to issue a summons for testimony and documents

Pursuant to 26 U.S.C. § 7602(a) the Internal Revenue Service the power to summon books, papers, records, or other data and to take the testimony of any person for the purpose of ascertaining the correctness of a tax return, to determine a taxpayer's tax liability, and to collect a taxpayer's tax liability as follows:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized--
>
> 1. To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
> 2. To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
> 3. To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

See also *Crystal v. United States*, 172 F.3d 1141, 1143-44 (9th Cir. 1999).

Internal Revenue Code 26 U.S.C. §§ 7402(b), 7604 grant authority to United States district courts to issue orders compelling, through their powers of contempt, compliance with the IRS summonses. *See also United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993). An IRS summons is issued administratively, "but its enforcement is only by federal court authority in 'an adversary proceeding' affording the opportunity for challenge and 'complete protection to the witness.'" *United States v. Church of Scientology*, 520 F.2d 818, 821 (9th Cir. 1975) (quoting *Donaldson v. United States*, 400 U.S. 517, 525 (1971)).

Because the enforcement of an IRS summons invokes the process of the court, the court will not enforce a summons if it would constitute an abuse of process. *United States v. Powell*, 379 U.S. 48, 58 (1964). Such an abuse would occur if the summons was issued for an improper purpose, such as, for example, to harass the taxpayer. *Id.; United States v. Stuart*, 489 U.S. 353, 360 (1989). Accordingly, to obtain enforcement of an IRS summons, the government is required to make a *prima facie* case for enforcement of the summons. *Crystal*, 172 F.3d at 1143-44; *Gilleran*, 992 F.2d at 233.

In order to establish a *prima facie* case for enforcement of an IRS summons, the government need only make a "minimal" showing that (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the IRS's possession; and (4) that the administrative steps required by the Internal Revenue Code have been followed. *See also Crystal*, 172 F.3d at 1143-44 (citing *United States v. Powell*, 379 U.S. 48, 57-58 (1964)). The government's "burden is minimal 'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'" *Id.* at 1144 (quoting *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985)). Once the Government has made

its *prima facie* case, the summoned party bears the "heavy" burden to "disprove the actual existence of a valid civil tax determination or collection purpose by the Service[.]" *Id.*

Normally, the government makes the "good faith" showing of materiality and relevancy required by *Powell* in the petition to enforce the summons and the accompanying declaration of the issuing IRS agent. *See id.* (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)).

As to the required showing of relevance, the Supreme Court stated in *United States v. Arthur Young & Co.,* 465 U.S. 805, 814 (1984):

> As the language of § 7602 clearly indicates an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. *Cf.* Fed. Rule Evid. 401. The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even <u>potential</u> relevance to an ongoing investigation without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized. As a tool of discovery, the 26 U.S.C. § 7602 summons is critical to the investigation and enforcement functions of the IRS, see *United States v. Powell*, 379 U.S. 48, 57 (1964); the Service therefore should not be required to establish that the documents it seeks are actually relevant in any technical, evidentiary sense.

"Once the Government has established its *prima facie* case, the district court issues an order requiring the party on whom the summons has been served to show cause, at an enforcement hearing, why compliance with the summons should not be required." *United States v. Samuels, Kramer & Co.,* 712 F.2d 1342, 1345 (9th Cir. 1983). The burden of proof is shifted to the person challenging the summons to "refute the Government's *Powell* showing of good faith to oppose successfully the enforcement of an IRS summons." *Id.* at 1346; *see also Crystal,* 172 F.3d at 1144. "The taxpayer may challenge and attempt to rebut the *prima facie* case of good faith the government has established or attempt to show that enforcement of the summons would otherwise constitute an abuse of process." *Gilleran,* 992 F.2d at 233; see also *Crystal,* 172 F.2d at 1144. "The taxpayer, however, carries a heavy burden of

convincing the district court to deny enforcement." *United States v. Stuckey*, 646 F.2d 1369, 1372 (9th Cir. 1981); accord *Crystal*, 172 F.3d at 1144.

"'[S]ummons enforcement proceedings should be summary in nature and discovery should be limited.'" *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992) (quoting United States v. Stuart, 489 U.S. 353, 369 (1989), quoting S. Rep. No. 97 494, 97th Cong. 2d Sess., vol. 1, 285 (1982)); see also, *Church of Scientology*, 520 F.2d at 821.[1] "'The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose." *Crystal*, 172 F.3d at 1144 (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997)) and *Liberty Financial Services*, 778 F.2d at 1392. A party opposing the summons must be able to come forward with at least "a minimal amount of evidence just to entitle him or her to an evidentiary hearing." *Stuckey*, 646 F.2d at 1372. In this Circuit, the Court may allow limited discovery "only if the taxpayer can make a substantial preliminary showing of abuse or wrongdoing." *Stuckey*, 626 F.2d at 1374.

In *Donaldson*, 400 U.S. at 528-29, the Supreme Court noted that Fed. R. Civ. Proc. 81(a)(3) allows the Court to limit the application of the federal rules in summons enforcement proceedings. In keeping with the summary nature of these proceedings, the show cause order is an appropriate tool to

---

[1] The Fifth Circuit has discussed the procedure to be followed in summons enforcement proceedings:

> To ascertain whether there is any basis for questioning the summons, the traditional show cause order is an effective and appropriate procedural tool. Indeed, it harmonizes procedure with the substantive principle that puts the burden on the summoned party "of showing an abuse of the court's process." [*Powell*, 379 U.S. 58]. In no way does its use extinguish the adversary proceeding which the decisions call for. Rather it is a principle means by which the enforcing Court can determine whether there is anything to "hear" and if so to give proper scope and direction to an orderly, but expeditious, adjudication of the points in controversy.

*United States v. Newman*, 441 F.2d 165, 169 (5th Cir. 1971).

4

place the burden of proof on the summoned party after the government's *prima facie* case has been made.

If no substantial challenge to the validity of the summons is made in a sworn affidavit or declaration alleging specific facts, the matter should be decided on the pleadings before the district court with no further proceedings, the summons should be enforced, and the IRS should be allowed to obtain the summoned testimony, books, papers, records, and other data. See, e.g., *Liberty Fin. Servs.*, 778 F.2d at 1392-93 (IRS affidavit was not controverted).

"Enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." *Derr*, 968 F.2d at 945; *accord Crystal*, 172 F.3d at 1144. "[T]he sole purpose of the enforcement proceeding is to ensure that the IRS has issued the summons for proper purpose and in good faith, and ... the district court is strictly limited to enforcing or denying IRS summonses." *Jose*, 131 F.3d at 1328-29.

**B. The United States has a tax treaty with France to provide mutual assistance in tax cases.**

The Convention between the Government of the United States of America and the Government of the French Republic for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and Capital, as amended by protocols signed on December 8, 2004 and January 13, 2009 (the "Convention" or "DTC") provides for mutual assistance in tax administration.[2]

Article 27 – Exchange of Information, provides for the exchange of information "as may be relevant for carrying out the provisions of this Convention or of the domestic laws of the Contracting States concerning

---

[2] www.irs.gov/businesses/international-businesses/france-tax-treaty-documents (viewed June 27, 2022).

5

1  taxes of every kind and description imposed on behalf of the Contracting
2  States, insofar as taxation thereunder is not contrary to the Convention."
3  Protocol amending U.S.-France Income Tax Treaty, signed January 13, 2009,
4  page 17, ¶ 1. If information is requested by France in accordance with Article
5  27, the United States shall use its information gathering measures to obtain
6  the requested information. *Id*. at page 18, ¶ 4a.

**C. The IRS issued a summons in response to a request for assistance from the competent authority of France**

By a letter dated July 21, 2020, the competent authority for France submitted an exchange-of-information request ("EOI Request") to the United States pursuant the Convention. Declaration of Tina Masuda ("Masuda") ¶ 4.

The French tax authorities are investigating Sasu Motorcorp ("Sasu") for corporate income tax during the period January 1, 2017 through December 31, 2018. *Id*. ¶ 5. The EOI Request states that Sasu's purported main activity is the sale of American cars. Id. ¶ 6. The request indicates that the accounting records of Sasu previously obtained by the French tax authorities show numerous entries in receivable and payable accounts, as well as offsets, associated with the U.S. entity Mafys US, Inc., ("Mafys") a company registered in and allegedly doing business in Las Vegas, Nevada. *Id*. The EOI Request seeks information regarding the corresponding records of Mafys relating to its transactions with Sasu during the 2017-2018 time period. *Id*. ¶ 7. The French tax authorities have indicated that they have exhausted all means available in their county to obtain the information requested. *Id*. ¶ 8. The EOI Request states that it is in conformity with the laws and administrative practices of the French tax administration. Id. ¶ 9. The United States Competent Authority has reviewed the EOI Request and determined that it is a proper request and may be honored under the provisions of the Convention. *Id*. ¶ 10.

6

1    IRS Tax Law Specialist Sherwin Morales issued a summons to Adam
2    Ohnstad, CPA ("Ohnstad"). Declaration of Sherwin Morales ("Morales") ¶ 7.
3    The summons was served on Ohnstad on February 22, 2022. Declaration of
4    Hung Pham ("Pham") ¶ 8. On February 24, notice of the summons was sent
5    by certified mail to Mafys and by registered mail to Sasu. Morales ¶¶ 9-10.
6    At the time that the summons was issued and served, the summoned
7    information was not in the possession of the IRS. *Id.* ¶ 11. All administrative
8    steps required by the Internal Revenue Code for the issuance of the
9    summonses have been taken. *Id.* ¶ 12. There is no "Justice Department
10   referral," as that term is described in Section 7602(d)(2) of the Internal
11   Revenue Code, in effect regarding Mafys. *Id.* ¶ 13. For the reasons set forth
12   below, the Court should order Adam Ohnstad, CPA to show cause why the
13   summons should not be enforced.

14   **D. The Powell Factors have been satisfied and the summons should**
15   **be enforced**

16   As explained above, the Supreme Court in *United States v. Powell* set
17   forth four factors to establish a prima facie case that an IRS summons is
18   valid: (1) the summons was issued for a legitimate purpose; (2) the
19   summoned data may be relevant to that purpose; (3) the data is not already
20   in the IRS's possession; and (4) the IRS has followed the administrative steps
21   for issuing and serving the summons. The Supreme Court in *United States v.*
22   *Stuart*, determined that the *Powell* factors are applicable even if the IRS
23   issued the summons pursuant to a treaty with a foreign country, and they
24   are satisfied here. 489 U.S. 353, 356 (1989); *Lidas,* 238 F.3d 1076, 1082 (9th
25   Cir. 2001) ("The same test applies where the IRS issues a summons at the
26   request of a tax treaty partner.").
27   First, the summons was issued for a legitimate purpose. The U.S.
28   Competent Authority determined that the Treaty Request is proper under

7

the Convention, and, accordingly, the United States has an obligation under the treaty to provide the requested assistance to the French tax authorities.

Second, the information sought is relevant to the examination. As French tax authorities set forth in its request, Sasu's main activity is the sale of American cars, and accounting records of Sasu previously obtained by the French tax authorities show numerous entries in receivable and payable accounts, as well as offsets, associated with Mafys, which is registered and allegedly doing business in the United States. The information requested in the summons may assist French tax authorities in determining Sasu's tax liabilities, and its ability to pay any accrued or assessed tax liabilities.

Third, the information sought by the summons is not already in the possession of the IRS or French tax authorities.

Fourth, the required administrative steps have been followed because the summons was properly issued, it was served on Adam Ohnstad, CPA, and notice was mailed to Mafys and Sasu.

**E. Conclusion**

Based on the foregoing, the United States has established its prima facie case for enforcement. The Court should now issue an order directing Respondent to show cause why the IRS summons should not be enforced.

If Respondent fails to respond to or rebut the government's *prima facie* case for enforcement, then the Court should later issue an order enforcing the IRS summons and compelling Respondent to appear before an authorized representative of the IRS at a time and place to be determined by the IRS, and give testimony and produce the books, records, papers, and other data

///

///

///

8

for examination and copying as required by the Internal Revenue Service summons.

<pre>
                                    Respectfully submitted,

                                    STEPHANIE S. CHRISTENSEN
                                    Acting United States Attorney
                                    THOMAS D. COKER
                                    Assistant United States Attorney
                                    Chief, Tax Division


Dated: July 12, 2022               /s/
                                    GAVIN GREENE / ANGELA GILL
                                    Assistant United States Attorneys
                                    Attorneys for the United States of America
</pre>